CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
SEP 1 2 2005
JOHN F. CORCORAN, CLERK
BY: HMcDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| HASSAN SHABAZZ, # 280460, ) <br> & ELTON WILLIAMS, # 260920 ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> VIRGINIA DEPARTMENT OF ) <br> CORRECTIONS, et al., ) <br> Defendants. ) | Civil Action No. 7:02cv00499 <br><br> **MEMORANDUM OPINION** <br><br> By: Jackson L. Kiser <br> Senior U.S. District Judge |

This matter is before the court on defendants R.A. Young and S.K. Young's Motion to Dismiss, document number 95, and defendants Sgt. Hamilton, Sgt. Collins, C/O McKinney, C/O Ely, and Lt. Galliher's Motion to Dismiss, document number 107. Defendants argue that plaintiff's allegations of deliberate indifference, excessive force, and religious persecution are time barred and were improperly joined with the original complaint. Defendants further contend that they were not timely served with the pleadings in this matter and that plaintiff has failed to exhaust all available administrative remedies regarding the November 6, 2001 incident. The court notified plaintiff of defendants' motions as required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and advised plaintiff that his failure to respond to the defendants' motions may result in judgment being granted for the defendants. Plaintiff has filed a response to the defendants' motions, thus the matter is ripe for disposition.

### I. Procedural History

The original complaint in this matter was filed on March 13, 2002. In that complaint,

plaintiffs raised claims which centered on the use of "excessive force" in dealing with inmates who were acting in a threatening matter and various living conditions claims. By order entered January 15, 2003, plaintiff was conditionally joined in the pending action and ordered to submit to the court an affidavit detailing the claims he wished to bring in this action. Plaintiff Williams then submitted to the court an affidavit, document number 19, which detailed not only the claims raised in the original complaint, but included additional claims alleging that various officers acted with deliberate indifference to known risks of harm, used excessive force against plaintiff, and assaulted his person and destroyed his personal property because of his religious beliefs. Additionally, in that affidavit plaintiff specifically named defendants R.A. Young, S.K. Young, Sgt. Hamilton, Sgt. Collins, C/O Kiser, C/O Shoemaker, C/O Collens, C/O John Does, and C/O Minton. However, Williams did not submit a motion to amend the complaint to include those claims nor did the court on its own initiative address the claims raised in the affidavit or serve defendants named therein.

On June 7, 2004 the court granted Williams' motion to amend to raise the allegations raised in his affidavit, document number 19, as statutory claims under RLUIPA. The defendants named in the original complaint moved for summary judgment as to the claims raised in the original complaint and moved to dismiss all additional claims as untimely. Defendants were granted summary judgment as to Williams' claims of excessive force and prison conditions raised in the original complaint; but the motion to dismiss was denied and plaintiff was directed to amend his RLUIPA claims. Plaintiff then submitted a motion to amend which particularized those claims and his claims of deliberate indifference, excessive force, and religious persecution from April through November, 2001. The court granted the motion to amend, but found

2

defendants were entitled to qualified immunity as to the RLUIPA claims. However, at that time the court found that plaintiff had raised sufficient facts to give rise to potential First and Eighth Amendment claims based on his allegations that he was forced to remain outside without a coat for two hours on April 18, 2001, that he was assaulted and his religious materials were destroyed and/or disposed of on September 14, 2001, and that he was assaulted by numerous correctional officers on November 7, 2001 as he was led to the transport bus. Accordingly, the clerk was directed to serve the defendants named therein.

**II.    Analysis**

Defendants argue that the court should not have granted plaintiff's motion to amend to include the claims of deliberate indifference, excessive force, and religious persecution from April through November, 2001. Defendants contend that these claims are barred by the statute of limitations, the claims and the parties remaining before the court are misjoined with the original complaint, and defendants were not timely served with an amended complaint. Additionally, defendants argue that defendants Ely and Galliher are further time barred as they were not named until 2005, nearly two years after the statute of limitations ran.

First, defendants argue that plaintiff's claims concerning deliberate indifference, excessive force, and religious persecution from April through November, 2001 are time barred. Plaintiff initially raised those claims in his affidavit, document number 19. The conditional filing order joining Williams in this matter ordered him to submit to the court an affidavit specifying all claims he wished to bring in the pending action. As the affidavit raised new claims not detailed in the original complaint, it should have been construed as a motion to amend, even though it was

3

not styled as such. See Estelle v. Gamble, 429 U.S. 97 (1976). Rule 15(a) of the Federal Rules of Civil Procedure permits the court to freely grant leave to amend a pleading. F. R. Civ. Pro. 15(a). And, although delay is a consideration in determining whether to grant leave to amend, mere delay, unaccompanied by actual prejudice, bad faith, or futility does not justify denial of leave to amend. Defender Indus, Inc. v. Northwestern Mut. Life Ins. Co., 938 F.2d 502, 508 (4th Cir. 1991). Accordingly, the court could have properly granted plaintiff's motion to amend to include the claims and defendants raised in his affidavit.

Plaintiff did not make a specific motion to amend to include these claims until April 2005. See Document number 77. However, as I find that these claims are substantially similar to those claims raised in his affidavit, document number 19, I find that they relate back to that pleading. Furthermore, as that affidavit was filed before the two year statutory period had run as to the claims raised therein, these claims are not time barred.

Second, defendants contend that plaintiff's claims of excessive force, deliberate indifference, and religious persecution are not properly joined with the claims brought in the original complaint and thus he should not have been granted leave to amend to include these claims in this action. However, under Rule 18(a) a party joined in the original complaint, may join "as many claims...as the party has against the opposing party." F. R. Civ. Pro. 18(a). As plaintiff was properly joined in the original complaint of excessive force, he could bring any additional claims he had against named defendants. Accordingly, as R.A. Young and S.K. Young were named in the original complaint, plaintiff could bring any additional claims which may have arisen independent of the original claim against those defendants. Thus, plaintiff would have been properly granted leave to amend his complaint to include his claims of excessive force,

4

deliberate indifference, and religious persecution against R.A. Young and S.K. Young. Furthermore, as those claims could have been properly included in this cause of action, plaintiff would have been granted leave to amend his complaint to name any additional defendants whom he believed to have been responsible for the alleged constitutional violations. Accordingly, defendants Sgt. Hamilton, Sgt. Collins, C/O Kiser, C/O Shoemaker, C/O Collens, C/O John Does, and C/O Minton would have been properly joined as defendants in this action at that time.

As I have found that plaintiff's amendments relate back to the timely filed affidavit, I find that his claims of excessive force, deliberate indifference, and religious persecution and the defendants named therein, are now properly joined with the original cause of action.

Third, defendants argue that dismissal is proper because they were not given notice of the complaint within 120 days of filing. However, I find that defendants were in fact given timely notice of the complaint once plaintiff's motion to amend was granted and they were added as parties to the cause of action. Furthermore, Rule 4(m) specifies that for "good cause" the court may extend the time for service. F. R. Civ. Pro. 4(m). It is apparent that the court erred in not construing plaintiff's affidavit as a motion to amend when it was filed. See Robert v. Pegelow, 313 F.2d 548, 550 (4th Cir. 1963)(finding that pro se litigant's labeling of pleadings is not determinative as to how the court actually construes those pleadings). If the February 2002 affidavit had been so construed, these defendants would have been given timely notice of their inclusion in this cause of action. Here, as defendants were not named until plaintiff's motion to amend was granted in May, 2005, see document number 84, I find that there was good cause for any delay in service. Additionally, defendants have not alleged any actual prejudice as to the failure to be timely served when plaintiff filed his original complaint nor when he filed his

affidavit. Rather they complain they must now defend a law suit which is almost four years old. As mere delay without prejudice is insufficient to deny a plaintiff's motion to amend, I find that mere delay is also insufficient to overcome the "good cause" exception.

Fourth, defendants argue that because defendants Ely and Galliher were not named as defendants until June 2005, their inclusion in this cause of action is time barred. Additionally, defendants argue that as Ely and Galliher are merely replacing a defendant named as "Doe," their recent identification cannot relate back to the original complaint to defeat the statute of limitations. Rule 15(c)(3) of the Federal Rules of Civil Procedure provides that an amendment adding a defendant relates back to the date of the filing of the original pleading when that party "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against" that newly named defendant. F. R. Civ. Pro. 15(c)(3). The Fourth Circuit has found that in application, this rule permits a plaintiff to name a new defendant in place of an old one, but does not allow plaintiff to name a new defendant in addition to existing defendants. Onan v. County of Roanoke, Virginia, 52 F.3d 321 (4th Cir. 1995), WL 234290 (April 21, 1995)(unpublished).

In his pleadings, Williams specifically alleges that thirteen guards assaulted him in the sally port area immediately before he was transported to Buckingham Correctional Center. He claims that of the guards present, he was only able to identify defendants Sgts. Hamilton and Collins because all the other correctional officers involved in the assault wore jackets which covered their name tags. Accordingly, he was unable to specifically name these defendants, however, he did name them as "C/O Does." Plaintiff was not granted any discovery on this issue until after defendants submitted their motions for summary judgment. Therefore, plaintiff had no

Case 7:02-cv-00499-JPJ Document 115 Filed 09/12/05 Page 6 of 9 Pageid#: 333

means of determining the names of the unnamed correctional officers until defendants responded to this court's May 2, 2005 order which directed defendants to provide plaintiff with the names of all officers on duty in the area of the alleged incident on the date in question. As plaintiff acts now to substitute his previous identification of two of the alleged "C/O Does" with defendants Ely and Galliher, as named by defendants per the court's order, I find that the amendment relates back and is thus timely and proper.

Furthermore, as plaintiff alleged in his affidavit a specific assault at a designated time and place which specifically involved unnamed correctional officers, those unnamed correctional officers knew or should have known that but for the fact that they covered their name tags during the alleged assault, this cause of action would have initially brought against them. See Ayala Serrano v. Lebron Gonzales, 909 F.2d 8, 12 (1st Cir. 1990)(finding that an inmate's amended complaint which named an officer as a defendant in an action related back to the original complaint because that guard was alleged to have been present during the assault and thus had reason to know he should have been named as a defendant). Additionally, those unnamed officers' supervisors and co-workers had been named for alleged abuses against the plaintiff on the date in question. Accordingly, any previously unnamed defendants cannot show that they were completely caught off guard by their later inclusion in this suit.

Finally, defendants argue that plaintiff's allegation that he was assaulted by numerous correctional officers as he was led to the transport bus on November 7, 2001 should be dismissed because plaintiff failed to exhaust all available administrative remedies.[1] In support of their

---

[1] Defendants concede that plaintiff has exhausted all available administrative remedies as to his allegations that he was forced to remain outside without a coat for two hours on April 18, 2001 and that he was assaulted and his religious materials were destroyed and/or disposed of on September 14, 2001.

7

argument defendants submitted an affidavit from Brenda Ravizee, Grievance Coordinator at Wallens Ridge State Prison ("WRSP"), and A. Kelly-Harrison, Grievance Coordinator at Buckingham Correctional Center ("BCC"). Both parties aver that Williams never attempted to utilize the prison grievance system at either institution to grieve this issue. Additionally, both parties agree that all complaints related to the incident itself should have been filed at WRSP, as the alleged assault occurred there. However, defendants do not contest the fact that the incident in question occurred immediately before the plaintiff was placed on the transport bus to BCC. Accordingly, it is possible that plaintiff was unable to submit a grievance at WRSP before he was transferred. Kelly-Harrison further states that had plaintiff attempted to grieve this issue at BCC, he would have been directed to file his grievance with WRSP. She further avers that there is no record that plaintiff in fact attempted to file such a grievance at BCC.

However Kelly-Harrison admits that while incarcerated at BCC, Williams filed requests for medical attention and grievances related to the lack of medical attention all stemming from injuries he alleges to have received during the November 6, 2001 assault. Additionally, in those grievances, Williams repeatedly detailed the incident and requested a full investigation. However, it appears that none of the responses plaintiff received addressed the issue of the investigation nor the incident itself nor directed plaintiff that he should file any grievance related to the alleged assault at WRSP. As defendants' attachments to Kelly-Harrison's affidavits show, Williams continued to grieve the issue of medical attention and to request a full investigation of the incident through Level II of the grievance system. Accordingly, I find that there is sufficient evidence at this time that plaintiff attempted to exhaust his administrative remedies as to this issue and will allow this claim to go forward. However, defendants are advised that they may

8

raise this issue at trial.

### III. Conclusion

Base on the foregoing, I will deny defendants R.A. Young and S.K. Young's Motion to Dismiss, document number 95, and defendants Sgt. Hamilton, Sgt. Collins, C/O McKinney, C/O Ely, and Lt. Galliher's Motion to Dismiss, document number 107. Defendants are directed to submit any additional dispositive motions within thirty (30) days of the entry of this order.

The Clerk of the Court is directed to send a certified copy of this Opinion and accompanying Order to plaintiff and to counsel of record for the defendants.

**ENTER**: This 9th day of September, 2005.

/s/ Jackson L. Kiser
Senior United States District Judge